UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE FITZGERALD MARINE & REPAIR, INC., | ) ) ) | Case No. 1:07CV27 CDP |
| Petitioner. | ) ) ) | |

| | | |
|---|---|---|
| MIKE JENKINS, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:07CV123 CDP |
| FITZGERALD MARINE & REPAIR, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| IN RE INGRAM BARGE COMPANY, | ) ) | Case No. 1:08CV36 CDP |
| Petitioner. | ) | |

## MEMORANDUM AND ORDER

These three cases were consolidated for pretrial proceedings, and all arise out of injuries Mike Jenkins incurred while working for his employer, Fitzgerald Marine & Repair, which repairs barges for Ingram Barge Company. The parties requested that I first decide the issues of liability between Fitzgerald and Ingram, because each was claiming the other was solely responsible for Jenkins' damages, and each was seeking indemnification from the other in case either was held liable

to Jenkins. By order dated October 27, 2008, I granted summary judgment in favor of Ingram on its claims against Fitzgerald and on Fitzgerald's claims against it. (Docket entry # 84 in Case No. 1:07CV123).

After my grant of summary judgment on the cross-claims, Fitzgerald filed a motion seeking to have the ruling rendered final so it could appeal, which Ingram opposed. Before I ruled on that motion, the parties mediated their dispute and notified me that they had agreed on a settlement of Jenkins' claims. I understood from the telephone call that Ingram and Fitzgerald had not resolved their dispute, but that because Jenkins' claim had been settled, it would be possible to shortly enter final judgments in each case that reflected the settlement and the summary judgment ruling. Because I believed the parties were attempting to resolve the procedural issues regarding the appropriate form of any judgment, I did not send out the usual order directing Jenkins' counsel to file documents regarding his settlement within thirty days, as is my usual practice.

Ingram has now filed a motion for attorneys fees, seeking a judgment in the amount of $212,613.61, plus prejudgment interest. The motion says that because of the grant of summary judgment and the settlement, the only issue left for the court to decide is the amount of the indemnity owed by Fitzgerald to Ingram. Although the motion contains evidence and information about the attorneys fees, it contains nothing about the settlement. Even if I were to determine that these

claimed attorneys fees were appropriate, I would not know what to do with the rest of these cases, and granting this motion would not result in a final judgment. I will therefore set a telephone conference with all counsel, which will be on the record, so that they can tell me what remains to be decided and how they intend to get these cases finalized. In the meantime, Fitzgerald should file any response it deems appropriate to the pending motion within the normal time limits.

To prepare for the telephone conference, counsel need to understand that following claims are pending, and that each claim must be resolved – by dismissal or judgment – before the summary judgment ruling can be final for appeal.

In 1:07CV27, which is Fitzgerald's claim for exoneration from or limitation of liability, three claims are pending:

1. Fitzgerald's claim for exoneration or limitation [docket entry # 2], which I assume was resolved by the Jenkins' settlement, although no one has actually told me that;

2. Mike Jenkins' claim for damages against Fitzgerald [docket entry # 8], which I again assume was resolved by the settlement; and

3. Ingram's claim for indemnification [docket entry # 23], which I believe was resolved – at least as to liability, but not as to amount – by the summary judgment order.

In 1:07CV123, which is Mike Jenkins' claim against both Fitzgerald and Ingram under the Jones Act and general maritime law, the following claims are pending:

1. Mike Jenkins' claims against Fitzgerald [docket entry #50], which I assume were resolved by the settlement;

2. Mike Jenkins' claims against Ingram [docket entry # 50], which I suspect is somehow resolved by the combination of the settlement and the summary judgment ruling, although I do not know how that is expected to work;

3. Ingram's cross-claim against Fitzgerald for indemnification [docket entry # 43], which was ruled in Ingram's favor in the summary judgment order, although the amount of any judgment has not been determined; and

4. Fitzgerald's cross-claim against Ingram for indemnification [docket entry # 51], which was ruled against Fitzgerald and in Ingram's favor in the summary judgment order.

In 1:08CV36, which is Ingram's claim for exoneration from or limitation of liability:

1. Ingram's claim for exoneration or limitation [docket entry # 1], which may or may not have been resolved by the combination of the settlement and the summary judgment decision;

2. Jenkins' claim against Ingram [docket entry # 12], which I assume was resolved by the combination of the summary judgment and the settlement; and

3. Fitzgerald's claim for indemnification against Ingram [docket entry # 14], which was ruled against Fitzgerald and in favor of Ingram in the summary judgment order.

I have set out the claims in all three cases in detail so that counsel will know that we must have judgments or dismissals of each claim for these cases to be finished. In the telephone conference I will expect counsel for Jenkins, Fitzgerald and Ingram to each be able to tell me whether these claims were resolved by a settlement or by the summary judgment decision, or whether further rulings by me are required, and to propose a schedule for completing all of these things.

Accordingly,

**IT IS HEREBY ORDERED** that the undersigned will hold a telephone conference with all counsel on **Tuesday, February 3, 2009 at 10:00 a.m.** Counsel for Fitzgerald will be responsible for placing the call and having all necessary counsel on the line. The call will be on the record.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2009.