UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE FITZGERALD MARINE & REPAIR, INC., | ) ) ) | Case No. 1:07CV27 CDP |
| Petitioner. | ) ) ) | |

| | | |
|---|---|---|
| MIKE JENKINS, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:07CV123 CDP |
| FITZGERALD MARINE & REPAIR, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| IN RE INGRAM BARGE COMPANY, | ) ) | Case No. 1:08CV36 CDP |
| Petitioner. | ) | |

## MEMORANDUM AND ORDER

These cases are before me on the request for attorneys fees and costs filed by Ingram Barge Company, which prevailed on the dispute between it and Fitzgerald Marine regarding which company was liable for claimant Mike Jenkins' damages. After I determined that Fitzgerald was liable and that Ingram was entitled to indemnification from Fitzgerald, the parties settled Jenkins' claim. Ingram now seeks attorneys fees, which is the only expense it had incurred in

defending Jenkins' claims, and prejudgment interest.  Fitzgerald argues that Ingram has improperly calculated the attorneys fees to which it is entitled.  The parties also disagree about the form any judgment should take, and whether Ingram's limitation action should be dismissed.

## **Attorneys Fees and Expenses**

My summary judgment ruling held that Fitzgerald was required to indemnify Ingram for Jenkins' claims.  The contractual indemnity clause covered "any and all claims, liabilities, penalties, and expenses."  Jenkins was a Fitzgerald crewman, and Fitzgerald paid both maintenance and cure and the settlement agreed to with Jenkins.  Ingram did not actually pay Jenkins any money, but the attorneys fees it incurred in defending Jenkins' claims against it constitute "expenses" covered by the indemnification agreement.  Fitzgerald agrees that it must pay Ingram its attorneys fees in defending the Jenkins claims, and that prejudgment interest is normally available in a case like this.  Fitzgerald disputes, however, the reasonableness of the fees.  It also argues that Ingram cannot recover fees related to the indemnification dispute between it and Fitzgerald.

Ingram seeks a judgment in the amount of $217,162.61, which consists of attorneys fees and expenses of $212,613.61 and prejudgment interest of $4549.  This is the entire amount of Ingram's fees and expenses related to all parts of this

litigation. Ingram has segregated the amounts it says it expended defending against Jenkins' claims, which is $142,219.69.

The remaining amount of attorneys fees sought by Ingram, $70,393.92,[1] was incurred in doing two things: (1) defending against Fitzgerald's claim against it for contribution and indemnification, and (2) prosecuting its own claim for indemnification from Fitzgerald. The first part – defending itself from Fitzgerald's claims – is recoverable as "expenses" covered by the indemnification clause, and so Ingram is entitled to a judgment including these fees. *See Natco Ltd. Partnership v. Moran Towing*, 267 F.3d 1190 (11th Cir. 2001). Ingram argues that it should recover the full amount of this category of fees, because the time and effort it spent to defend against Fitzgerald's claims for indemnification and contribution are necessarily the same time and effort it spent to prove its own claim for indemnification. I agree that these amounts cannot reasonably be segregated, and so I will award Ingram both parts of this claim.

Finally, Fitzgerald argues that the amount of fees claimed by Ingram are not reasonable. It points out that it spent considerably less on its own attorneys fees, and although I believe that is a comparison that can at times be helpful, I do not find it helpful here. I have carefully examined the bills submitted by Ingram, and

---

[1] In its reply brief, Ingram agrees that it incorrectly allocated some fees to the Jenkins defense which should have been allocated to the Fitzgerald dispute, and I am using those numbers here, but given my conclusion that all fees should be recovered, which group these particular fees belong in is immaterial, and the total award does not change.

believe that the number of hours spent were reasonable. Additionally, the hourly rates charged are reasonable and customary for the type of work done in the case and for this legal community. I will therefore enter judgment for the amount of $217,162.61, which includes prejudgment interest, as sought by Ingram.

## Form of Judgment

Now that I have resolved the amount of the recoverable attorneys fees and therefore the amount of Ingram's judgment against Fitzgerald, the only issue remaining relates to Ingram's claim for exoneration and/or limitation. Although the merits of this claim have not been resolved, the claim is moot because I have ruled, as a matter of law, that Ingram has no liability.

I previously consolidated these cases for pretrial purposes only. After the Jenkins settlement was reached, I asked the parties to advise me on the form of judgments or other ways these cases could all be finally closed. The parties have not agreed on an appropriate procedure. The problem is that if the Court of Appeals should reverse my ruling that Fitzgerald must indemnify Ingram for Jenkins' damages, then Ingram would want to litigate its limitations action. Although Ingram's limitation claim is now moot, it would be revived if my ruling were reversed. Dismissal without prejudice is not an option, because the requirement that a limitation action such as this must be filed within six months of the claim means that Ingram could not refile it. Entering a judgment of some sort,

on the other hand, might require the parties to file an unnecessary appeal of that case. I will therefore keep open, but stay, Ingram's limitations action, pending resolution of the appeal of the final judgments in the other two cases. The other two cases will be closed with an appropriate consolidated judgment entered today.

To summarize, the claims in this case are resolved as follows:

In **Case No. 1:07CV27**, which is Fitzgerald's claim for exoneration from or limitation of liability:

1. Fitzgerald's claim for exoneration or limitation [docket entry # 2]. This claim will be dismissed, with prejudice, as proposed by Fitzgerald.

2. Mike Jenkins' claim for damages against Fitzgerald [docket entry # 8]. This was resolved by the stipulation of dismissal reflecting the settlement, which the parties filed on February 3, 2009 [docket entry # 27].

3. Ingram's claim for indemnification [docket entry # 23]. This was resolved in Ingram's favor by the summary judgment order, and the amount of the judgment will be $217,162.61, as set out above.

In **Case No. 1:07CV123**, which is Mike Jenkins' claim against both Fitzgerald and Ingram under the Jones Act and general maritime law:

1. Mike Jenkins' claims against Fitzgerald [docket entry #50]. These were resolved by the stipulation of dismissal reflecting the settlement, which the parties filed on February 3, 2009 [docket entry # 92].

2. Mike Jenkins' claims against Ingram [docket entry # 50]. These were resolved by the stipulation of dismissal reflecting the settlement, which the parties filed on February 3, 2009 [docket entry # 92].

3. Ingram's cross-claim against Fitzgerald for indemnification [docket entry # 43]. This was resolved in Ingram's favor by the summary judgment order [docket entry # 84], and the amount of the judgment will be $217,162.61, as set out above.

4. Fitzgerald's cross-claim against Ingram for common law contribution and indemnification [docket entry # 51]. This was resolved in Ingram's favor by the summary judgment order [docket entry # 84], and the amount of the judgment will be $217,162.61, as set out above.

I will therefore enter a consolidated judgment in Case Nos. 1:07CV27 and 1:07CV123 in favor of Ingram on its cross-claims against Fitzgerald in the amount of $217,162.61; all other claims in these two cases are dismissed.

**Case No. 1:08CV36**, will remain open, but will be stayed pending the appeal in the other two cases. The only issue remaining in this case is Ingram's claim for exoneration or limitation of liability [docket entry # 1]. All other claims have been resolved by the summary judgment ruling and the settlement.

Accordingly,

**IT IS HEREBY ORDERED** that Fitzgerald's motion to enter judgment and certify summary judgment as final for interlocutory appeal [# 85 in Case No. 1:07CV123] is denied as moot.

**IT IS FURTHER ORDERED** that Ingram's motion for attorneys fees [#89 in Case No. 1:07CV123] is denied as moot.

**IT IS FURTHER ORDERED** that Case No. 1:08CV36CDP is stayed, pending decision by the Court of Appeals or other resolution of this matter. The parties must notify this court within fifteen days of any resolution.

A consolidated judgment will be entered in Case Nos. 1:07CV27 and 1:07CV123.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2009.